NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-1695
_____

UNITED STATES OF AMERICA

v.

BONEFACIO LOPEZ-PACHECO,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-09-cr-00018-001)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010

Before: SLOVITER, GREENAWAY, JR., and STAPLETON, Circuit Judges.

(Filed:  December 22, 2010)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

I.

This case arose out of an incident that occurred at the federal penitentiary in Lewisburg, Pa., where Bonifacio Lopez-Pacheco was an inmate. A correctional officer stopped and searched Lopez-Pacheco as he left the dining hall. The officer discovered concealed food under his armpits and on his waist. Lopez-Pacheco responded angrily, hit the correctional officer in the chest, and had to be restrained by other officers after attempting to hit him again.

Lopez-Pacheco was charged with simple assault of a correctional officer in violation of 18 U.S.C. § 113(a)(5). He pled guilty through an interpreter. At his arraignment, the Magistrate Judge postponed sentencing until a presentence report could be issued. Upon review of the presentence report in April 2009, Lopez-Pacheco told his attorney that he was innocent and that he did not remember pleading guilty to the simple assault charge.

Because this raised the issue of the defendant's competency, the Federal Bureau of Prisons conducted a two-week psychological evaluation of Lopez-Pacheco and issued its findings on July 28, 2009. The report concluded that "Lopez-Pacheco is presently competent to proceed," that he "has the present ability to understand the nature and the consequences of the proceedings against him and the ability to assist properly in his defense," and that "Lopez-Pacheco does not suffer from a mental illness." App. at 70.

2

At Lopez-Pacheco's competency hearing, the Magistrate Judge ruled that Lopez-Pacheco possessed the competency to proceed.

At his sentencing hearing before the Magistrate Judge, Lopez-Pacheco alleged that at arraignment he did not understand what was happening and that his attorney misled him into pleading guilty. The Magistrate Judge found Lopez-Pacheco to be not credible and denied his request to withdraw his earlier plea of guilty. He sentenced him to serve a consecutive four-month term in prison. The District Court affirmed and Lopez-Pacheco appeals.[1]

## II.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989). A defendant may withdraw a court-accepted guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The guilty plea cannot be withdrawn on a "whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

This court considers three factors when examining a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." *Huff*, 873 F.2d at 712. Defendants moving to withdraw a guilty plea must offer facts to show why they initially pled guilty, and why they now assert

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

innocence. *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Jones*, 336 F.3d at 252. Since the Government does not argue that it would be prejudiced by a withdrawal of the plea, only the first and third factors warrant analysis.

Lopez-Pacheco's assertion of innocence fails to satisfy the first part of the test. Absent additional support it constitutes a mere "bald assertion" of innocence. In addition, the reasons presented by Lopez-Pacheco for his initial guilty plea contradict each other and undermine his credibility. He argued before the Magistrate Judge that he did not remember entering a guilty plea, and also that he merely followed his attorney's directions. As the Government notes, "it is a mystery how Lopez-Pacheco, purportedly unable in April 2009 to remember even entering his guilty plea, was able in December 2009 to remember that his counsel had pressured him to do so." Appellee Br. at 18. The Magistrate Judge denied Lopez-Pacheco's motion to withdraw his guilty plea. He noted that a defendant "has no absolute right to withdraw his guilty plea," citing *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). App. at 23. He concluded that Lopez-Pacheco's claimed lack of memory is not credible. Moreover, in a comprehensive opinion, the District Court noted the inconsistencies in Lopez-Pacheco's arguments. It also discussed the history of the proceedings and Lopez-Pacheco's awareness of the results of the guilty plea he entered. Additionally, the Court noted that the psychiatric evaluation failed to suggest incompetence on the part of Lopez-Pacheco.

4

Lopez-Pacheco has not asserted strong reasons to withdraw the guilty plea. He alleges that his case for withdrawal is strong because: 1) he believes his assertion of innocence constitutes a major reason why his motion to withdraw the guilty plea is warranted; and 2) he blames his counsel and alleges that the "plea was not knowing and voluntary," because counsel did not explain what was going on and merely told him what to say. Appellant Br. at 18.

The first argument is easily dismissed. As discussed, sufficient factual evidence must be presented to support the assertion of innocence and why a guilty plea was entered into initially. The District Court considered this and rejected the assertion of innocence.

Lopez-Pacheco's second claim that counsel misled him is equally unavailing. He initially said that he did not remember pleading guilty, then alleged it was his attorney's fault. As the District Court pointed out, the defendant only turned to the latter argument "after he had been told that his purported inability to remember his guilty plea proceeding was not a sufficient reason to withdraw his guilty plea." App. at 12. As such, the District Court did not abuse its discretion by reviewing this record and interpreting it in the same way that the Magistrate Judge did.

### III.

In addition to withdrawal of his guilty plea, Lopez-Pacheco argues that the District Court abused its discretion by upholding the four-month consecutive sentence because the court allegedly failed to consider the mandatory sentencing factors set out in 18

U.S.C. § 3553(a); and it was unreasonable in light of the time Lopez-Pacheco spent in "the hole," his loss of forty-one "good time" days, and the relatively minor charge. Appellant Br. at 19.

With regard to the first argument, the sentencing court was not required to consider the Sentencing Guidelines because the maximum sentence for a violation of 18 U.S.C. § 113(a)(5) is six months, making it a Class B crime not subject to the Guidelines. U.S.S.G. § 1B1.9. We apply a "highly deferential" standard to the sentencing court's determination. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Although the simple assault did not carry enough of a maximum sentence to be subject to the Guidelines, the Magistrate Judge nonetheless went through the appropriate analysis. He adequately considered, weighed, and explained the § 3553(a) factors and determined that the four-month sentence fell within reasonable parameters. The Magistrate Judge noted the history and circumstances surrounding the offense, and explained why he concluded the sentence was necessary to punish Lopez-Pacheco for the assault and to deter similar future conduct so as to maintain safety and order within a correctional center.

He also addressed the mitigating factors which Lopez-Pacheco cited and explained why he decided upon a four-month term out of the six possible months. He also recommended that Lopez-Pacheco be transferred to another correctional facility to avoid potential mistreatment. Thus, the Magistrate Judge did not merely make a "rote statement" that would warrant sentence-reconsideration, as Lopez-Pacheco contends. Appellant Br. at 20; *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

The District Court discussed these arguments, properly considered and analyzed the Magistrate Judge's ruling as well as the defenses and mitigating factors raised by Lopez-Pacheco, and found the sentence reasonable based on an adequate consideration of the § 3553(a) factors in light of the "totality of the circumstances." App. at 15. As such, the District Court did not abuse its discretion in upholding the sentence.

IV.

For the foregoing reasons, we will affirm the District Court's order affirming the Magistrate Judge's denial of Lopez-Pacheco's motion to withdraw his guilty plea and will affirm the sentence imposed.